IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLIOIS EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WEINTHALER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY DEMAND |
| | ) | |
| U.S. Customs and Border Protection | ) | 18-cv-4979 |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Michael Weinthaler ("Weinthaler"), states that following for his Complaint against Defendant U.S. Customs and Border Protection ("Customs"):

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. for Defendants' failure to pay overtime wages to Plaintiff. Defendants' unlawful compensation practices have had the effect of denying Plaintiff his lawfully earned wages.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff Weinthaler is an individual who resides in Chicago, IL.

3. Defendant, Customs, is a federal agency that does business in Rosemont, IL.

4. Defendant is an employer within the meaning of 29 U.S.C. §203.

5. The court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

6. Plaintiff at all time relevant to this action, was engaged in enterprise for a public agency within the meaning of 29 U.S.C. §203(r)(2)(c).

7. Venue for this action is appropriate under 28 U.S.C. §1391(a) because Defendant does business within this District.

## STATEMENT OF FACTS

8. Weinthaler began working at Customs as a full time, non-exempt employee, on September 5, 2006. His title has always been Customs and Border Protection Officer.

9. From May 5, 2015 to January 7, 2018, Weinthaler reported to Chief CBPO Mario Cornejo.

10. From October 2015 to January 2018, Weinthaler's regular work hours were 10am-6pm on Tuesday-Saturday.

11. Weinthaler is paid pursuant to the Customs Office Pay Reform Act ("COPRA").

12. There is no system for tracking the hours worked at Customs, i.e. no time /punch clocks.

13. On February 17, 2017, Weinthaler was told by Chief Cornejo to send an email when Weinthaler came to work and when he left work. He was the only one given these new instructions.

14. Weinthaler was always working shortly before he sent the email in the morning as well as shortly after he sent the email at the end of the day.

15. The emails created a log of when Weinthaler was working as he was now required to send an email at the start and end of his day. The sole purpose of

the emails was for CBP management to see when Weinthaler started and finished work.

16. This went on for 10 months from February 17, 2017 to December 19, 2017.

17. On December 19, 2018, Chief Cornejo told Weinthaler to stop sending the emails regarding his start and end time.

18. For the past several years prior to sending these emails, Weinthaler worked similar hours.

19. For at least two years, Management had reason to believe that Weinthaler was working above 40 hours per week and that he was not compensated for such work.

20. Weinthaler's regular job duties include performing duties related to the Cargo/A-TCET side of customs including targeting cargo with high risk of violations such as narcotics and other contraband including currency, arms and ammunition as well as terrorist related materials.

21. Weinthaler's FLSA overtime activities performed before and after his official start and end times included answering and returning phone calls to brokers and freight forwarders, emailing, querying and targeting Exodus, AES, EARS, and ATS, reviewing documentation including airway bills, invoices and field exams and properly securing government gear and vehicle keys.  All of these activities were for the benefit of Customs.

22. Weinthaler performed work that Customs knew or had reason to believe were being performed by him.

23. Weinthaler performed work which Customs did not prohibit him from performing.

24. Defendant willfully failed to compensate Plaintiff for his overtime at a rate of **at least** one and half times his regular rate.

25. Under COPRA (19 CFR 24.16, 19 USC 261 and 267), Weinthaler should be paid double time for all overtime.

26. Defendant failed to keep and maintain proper time records of all time worked by Plaintiff.

## COUNT I – FAIR LABOR STANDARDS ACT

27. Plaintiff re-alleges and incorporates by reference the allegations set forth above in paragraphs 1-26.

28. This count arises from Defendant's violation of the FLSA, 29 U.S.C. §201 et seq., for Defendant's failing to compensate Plaintiff at a rate of at least one and one-half times his regular rates for all overtime hours worked.

29. The work hours Weinthaler is claiming are hours that Customs "suffered or permitted" him to work. This includes work for the past two years, including the period of February – December 2017 when Customs required him to send emails at the start and end of his day.

30. The work Weinthaler performed before and after his official work hours was for the benefit of Customs, his supervisor had reason to know about the work and his supervisor had the opportunity to prevent the work from being performed.

31. By virtue of the facts alleged above, and the provisions of the FLSA, Defendant is indebted to Weinthaler for unpaid overtime compensation and for an additional equal amount in liquidated damages.

WHEREFORE, Plaintiff Michael Weinthaler respectfully requests that the Court enter a judgment against Defendant as follows:

A. A judgment in the amount of two times Plaintiff's individual hourly wage rates for all time that Plaintiff worked in excess of forty (40) hours per week for the last 2 years.

B. Liquidated damages in an amount equal to the amount of unpaid overtime found due;

C. An award of reasonable attorney's fees;

D. Costs incurred in filing and prosecuting this action; and

E. Such additional relief as this Court deems appropriate and just.

## JURY TRIAL

Weinthaler demands a jury trial.

Dated: July 20, 2018.

Respectfully submitted,
/s/Renu Thamman
Thamman Law Office
36 S. Wabash St.
Suite 1310
Chicago, IL 60603
(312) 422-0104
renu@thammanlaw.com